In re Gina T. ROSIA, Debtor.

SUN BANK OF LAUDERDALE BEACH, Plaintiff,

v.

Gina T. ROSIA, Defendant.

Bankruptcy No. 80–00086–BKC–SMW. Adv. No. 80–0093–BKC–SNW–A.

United States Bankruptcy Court, S. D. Florida.

June 23, 1980.

Richard M. Birnbaum, Fort Lauderdale, Fla., for debtor.

Romney C. Rogers, Fort Lauderdale, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon the plaintiff's Complaint to Determine that its Debt was Non-Dischargeable under Title 11 U.S.C. Section 523(a)(2). The Court having heard the testimony of the witnesses and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised of the premises does hereby make the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 752(a):

Plaintiff, Sun Bank of Lauderdale Beach, is a financial institution in the business of extending credit. On January 17, 1979, the debtor/defendant, Gina T. Rosia, filled out a credit application and financial statement to secure a loan with the plaintiff. In filling out this application, the defendant indicated that she owned her own home. The defendant's credit application was approved based upon this financial statement. On January 19, 1979, the plaintiff and defendant entered into a security agreement—retail installment contract for the purchase of an automobile. In October of the same year, the defendant defaulted on this agreement. Upon this default, the plaintiff learned that the defendant did not own her own home. On December 7, 1979, the defendant executed a promissory note in favor of the plaintiff in the amount of $4,631.25. This amount represented the deficiency under the prior installment contract.

In explanation of her failure to correctly fill out the credit application, the defendant testified that at the time she filled the form out, she was assisted by an agent of the plaintiff. She further testified that she explained to the plaintiff's agent that she did not own the home, but that she lived in the home with her parents, the owners. The testimony and evidence further revealed that the defendant at the specific insistence of the plaintiff, checked the box on the form marked "owns home" and then wrote on the form "parents bought".

Section 523(a)(2) of the Bankruptcy Code provides:

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing-

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

The Court finds that in regards to Section 523(a)(2)(B)(i), (ii) and (iii), the written statement submitted to the plaintiff was materially false, and, that such statement was made in reference to her financial condition, and that the plaintiff relied thereon. However, in regards to Section 523(a)(2)(B)(iv), the Court finds that the defendant did not submit the materially false written statement with the intent to deceive. The Court is convinced that the defendant honestly believed that she was correctly executing the financial statement and that she made a good faith attempt to comply with the plaintiff's requested financial information.

The Court having found that all the elements under Section 523(a)(2) have not been established, holds that the defendant's debt to the plaintiff is entitled to be discharged by the bankruptcy proceedings.

A judgment will be entered in accordance with these findings and conclusions.